1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL HESSE,                           No.  2:21-cv-1931 WBS KJN P

12                 Plaintiff,

13           v.                                 FINDINGS AND RECOMMENDATIONS

14    COUNTY OF SACRAMENTO, et al.,

15                 Defendants.

16

17          Plaintiff is a former county inmate, proceeding through counsel.  Defendant Sanga's fully-

18   briefed motion to set aside default is before the court.  As discussed below, it is recommended

19   that the motion be granted

20   Motion to Set Aside Clerk's Default

21          Legal Standard

22          A court may set aside an entry of default for good cause.  Rule 55(c).  The party seeking

23   relief from the entry of default bears the burden of showing good cause to set aside the entry of

24   default.  See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th

25   Cir. 2004) (reviewing district court's set aside of default for abuse of discretion).  A court

26   considers three factors when examining good cause:  "(1) whether [the party seeking to set aside

27   the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no]

28   meritorious defense; or (3) whether reopening the default judgment would prejudice the other

1

1   party." <u>United States v. Mesle</u>, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting <u>Franchise Holding</u>,

2   375 F.3d at 925-26).  "The court's discretion is especially broad where . . . it is entry of default

3   that is being set aside, rather than a default judgment."  <u>O'Connor v. State of Nev.</u>, 27 F.3d 357,

4   364 (9th Cir. 1994).  The factors are more liberally applied with respect to a request to set aside

5   the entry of default, because "there is no interest in the finality of the judgment with which to

6   contend."  <u>Mesle</u>, 615 F.3d at 1091 n.1.

7        Moreover, the Ninth Circuit's "rules for determining when a default should be set aside

8   are solicitous towards movants, especially those whose actions leading to the default were taken

9   without the benefit of legal representation."  <u>Mesle</u>, 615 F.3d at 1089.  As the party seeking to set

10  aside entry of default, a defendant bears the burden of showing good cause.  <u>Hawaii Carpenters'</u>

11  <u>Trust Fund v. Stone</u>, 794 F.2d 508, 513-14 (9th Cir. 1986).

12              A.  <u>Culpable Conduct</u>

13       "[A] defendant's conduct is culpable if he has received actual or constructive notice of the

14  filing of the action and <u>intentionally</u> failed to answer.  <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244

15  F.3d 691, 697 (9th Cir. 2001), <u>overruled on other grounds by</u> <u>Egelhoff v. Egelhoff ex rel. Breiner</u>,

16  532 U.S. 141, 147-50 (2001).  "[I]n this context the term 'intentionally' means that a movant

17  cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to

18  treat a failure to answer as culpable, the movant must have acted with bad faith, such as an

19  intention to take advantage of the opposing party, interfere with judicial decisionmaking, or

20  otherwise manipulate the legal process."  <u>Mesle</u>, 615 F.3d at 1092 (internal quotation marks

21  omitted).  "[S]imple carelessness is not sufficient to treat a negligent failure to reply as

22  inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh

23  heavily in favor of denial of the motion to set aside a default."  <u>Id</u>.  On the other hand, where the

24  party is "legally sophisticated," the Ninth Circuit has held that in the context of default, "an

25  understanding of the consequences of its actions may be assumed, and with it, intentionality."  <u>Id</u>.

26  at 1093; <u>see also</u> <u>Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685,

27  690 (9th Cir. 1988) (defendant was "a lawyer, presumably . . . well aware of the dangers of

28  ignoring service of process").

Contrary to plaintiff's contentions that defendant Sanga's inaction was culpable, defendant Sanga declares that she has never seen the emails addressed in plaintiff's opposition; has never spoken with Ms. Cahill and does not know who Cahill is; was unaware of this case in February of 2022, and was not served with the summons and complaint until August of 2022, at which time defendant Sanga was told by her supervisor Veer Babu that the county attorney would handle the case.  (ECF Nos. 32-1; 37-1.)  Thus, defendant Sanga declares, she assumed the county attorney would respond, and it was never defendant Sanga's intention to ignore the lawsuit.  (ECF Nos. 32-1; 37-1.)  Defendant Sanga further declares she was only recently informed that the county's attorneys filed a notice of errata and amended answer in February of 2022, but was never provided a copy of either document.  (ECF No. 32-1 at 2.)

Moreover, defendant Sanga, a medical doctor, declares she is not sophisticated with respect to litigation and has no experience with legal matters of this nature.  (ECF No. 37-1 at 1.)

While plaintiff claims it was clear by February of 2022 that county counsel was not going to handle this case on behalf of defendant Sanga, plaintiff fails to demonstrate that Sanga was aware of the lawsuit in February, or that Sanga was aware in February that county counsel was not going to represent her or was privy to any of the emails between Cahill and plaintiff's counsel.  Further, defendant Sanga did not have benefit of legal counsel until she retained counsel on November 1, 2022, and her counsel promptly moved to set aside the default on November 18, 2022.

While this case has gotten off to a late start based in part on the confusion surrounding which defendants county counsel would represent, there are no arguments alleging, or facts showing, bad faith.

The undersigned is not persuaded that defendant Sanga intentionally ignored the lawsuit, but rather mistakenly believed county counsel was going to represent her.  Thus, the undersigned finds defendant Sanga did not engage in culpable conduct.

B. Meritorious Defense

The movant "is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default."  FOC Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp.,

612 F. Supp. 2d 1080, 1082-85 (D. Ariz. 2009) (citing Hawaii Carpenters' Trust Funds, 794 F.2d at 513.  To satisfy the "some showing" standard, the movant must "present specific facts that would constitute a defense."  FOC Fin. Ltd. P'ship, 612 F. Supp. 2d at 1082-85 (quoting TCI Group Life Ins. Plan, 244 F.3d at 700).

Defendant Sanga argues that she has a meritorious defense because plaintiff was seen by several medical professionals at the County Jail; Sanga saw plaintiff only briefly, well over two weeks after the splint at issue was removed.  (ECF No. 32 at 6-7.)  Defendant Saga also provided Dr. Toochi's testimony that a splint is not typically used beyond the first few days after surgery; indeed, Dr. Toochi agreed that if a splint is worn too long, "that actually causes there to be stiffness and contracture."  (Toochi Dep. at 16, 57 (ECF No. 32 at 13, 14.)  Further, defendant Sanga argues that a meritorious defense is supported by the draft answer provided, which includes her allegations and affirmative defenses.  (ECF No. 32 at 7, citing ECF No. 32 at 17-27 (proposed answer).)

Plaintiff counters that defendant Sanga's belief that a splint was not needed at the time plaintiff was admitted into the jail does not mean that a splint was never needed or some other medical treatment was not needed.  Plaintiff contends defendant Sanga is liable because she deliberately failed to address plaintiff's medical needs as his finger began and completely contracted while under her care.  Plaintiff argues that defendant Sanga's motion fails to present any specific facts that would constitute a defense for her specific omissions as pled in the complaint.

In reply, defendant Sanga points out that plaintiff's conclusory assertion that Dr. Sanga "deliberately failed to address [plaintiff's] medical needs," fails to provide proof for such assertion.  (ECF No. 37 at 3.)  Defendant Sanga denies she was deliberately indifferent; she only saw plaintiff one time, well over two weeks after the splint at issue was removed and issued various orders following the brief encounter.  (Id., citing Sanga's Proposed Ans. at 4.)  Dr. Sanga issued such orders to address what she "understood in her professional judgment to be plaintiff's medical needs when she treated him."  (ECF No. 37 at 3.)

The burden to show a meritorious defense in support of a motion to set aside default "is

4

not extraordinarily heavy." Mesle, 615 F.3d at 1094.  Defendant need only "allege sufficient facts that, if true, would constitute a defense. . . ." Id.  Plaintiff may disagree with the veracity of defendant's assertions and the ultimate merit of such defenses, but the court need not decide the case in defendant's favor prior to granting the motion to set aside the default.  See id. ("[T]he question whether the factual allegation [i]s true is not to be determined by the court when it decides the motion to set aside the default.") (quotation omitted).  The court resolves any doubts in favor of granting the motion and finds that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Trust Fund, 794 F.2d at 513.

The undersigned finds defendant Sanga set forth a potentially meritorious defense. Plaintiff will have the opportunity to test the viability of defendant Sanga's defense through this litigation.

### C. Prejudice

To prevent setting aside default, prejudice to a non-moving party "must result in greater harm than simply delaying resolution of the case[,] [r]ather, the standard is whether [the nonmovant's] ability to pursue his claim will be hindered." FOC Fin. Ltd. P'ship., 612 F. Supp. 2d at 1082-85 (quoting TCI Group Life Ins. Plan, 244 F.3d at 701).  "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." Id.

Defendant Sanga argues that plaintiff will not be prejudiced if entry of default is set aside because plaintiff will merely be forced to litigate his case on the merits, which does not amount to prejudice.  (ECF No. 32 at 7.)  Even if delay were a factor, delay has been minimal.  (Id.)

Plaintiff disagrees, arguing that because the deposition of plaintiff's treating physician Dr. Toochi has already been taken, a few lines of questioning were rendered moot by defendant Sanga's failure to answer, requiring Dr. Toochi's recall as a deponent.  Plaintiff contends that if Dr. Toochi objects to such recall and such objection is sustained, plaintiff would be prejudiced. (ECF No. 36 at 5, citing Fed. R. Civ. P. 30(a)(2) (leave of court required to depose a deponent who has already been deposed).)  In addition, plaintiff objects that because defendant Sanga

1    failed to explain how she learned of entry of judgment and how she hired her attorney, "[i]t is

2    reasonable to assume that defendants are working together as a unified front which potentially

3    allows defendants the opportunity to not point the finger at one another," purportedly suggesting

4    an "opportunity for fraud or collusion."  (ECF No. 36 at 5.)

5          In reply, defendant Sanga counters that plaintiff failed to provide facts supporting his view

6    that because Dr. Toochi's deposition has already been taken, plaintiff will suffer prejudice.  In

7    any event, because Dr. Toochi is plaintiff's treating physician, defendant Sanga argues that

8    plaintiff has access to the doctor and could just contact the doctor and obtain answers to his

9    questions.  (ECF No. 37 at 3.)  In addition, defendant Sanga contends plaintiff failed to explain

10    how the brief default led to fraud or collusion.

11          The undersigned is not persuaded by plaintiff's speculation concerning a "potential"

12    opportunity for fraud or collusion.  As to Dr. Toochi's deposition, under the circumstances, it is

13    likely defendant Sanga would stipulate to re-calling Dr. Toochi for a second deposition.  But

14    certainly the undersigned would entertain a motion for one.  In addition, the prior discovery and

15    scheduling order was vacated and has not yet been reissued.  On this record, the undersigned

16    cannot find that plaintiff will be prejudiced if the clerk's default as to defendant Sanga is set

17    aside.

18    <u>Conclusion</u>

19          In conclusion, the undersigned determines that all three of the good cause factors favor

20    setting aside the clerk's entry of default against defendant Sanga.  Defendant Sanga provided a

21    proposed answer and should be ordered to answer the complaint within seven days after issuance

22    of the district court's order addressing these findings and recommendations.

23          Accordingly, IT IS HEREBY RECOMMENDED that:

24          1.  Defendant Sanga's motion to set aside clerk's default (ECF No. 31) be granted;

25          2.  The Clerk of the Court be directed to set aside the clerk's default, entered on October

26    26, 2022 (ECF No. 31); and

27          3.  Within seven days from any district court order adopting these findings and

28    recommendations, defendant Sanga shall file a responsive pleading.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 26, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hess1931.def