UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HESSE, | No. 2:21-cv-1931 WBS KJN P |
| Plaintiff, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding through counsel. Plaintiff's counsel filed a motion to withdraw. The deadline for opposing the motion expired and plaintiff did not file an opposition. As discussed below, counsel's motion to withdraw is granted. Plaintiff is directed to show cause, within fourteen days, why the county defendants' motion for summary judgment should not be granted. Plaintiff is granted thirty days to file an opposition to defendant Dr. Sanga's motion for summary judgment or, if appropriate, file a motion under Rule 56(d) of the Federal Rules of Civil Procedure.

Motion to Withdraw

Plaintiff's counsel moves to withdraw based on a substantial and irreconcilable breakdown of the attorney-client relationship. Counsel seeks further relief to obtain more time for plaintiff to file a pro se response to "Defendants' Motion for Summary Judgment. (ECF No. 52-2 at 1.)

1

1  Legal Standards

2  "Withdrawal as attorney is governed by the Rules of Professional Conduct of the State
3  Bar of California, and the attorney shall conform to the requirements of those Rules." E.D. Cal.
4  L.R. 182(d).  The California Rules of Professional Conduct provide that if the rules of a court
5  require permission for an attorney to withdraw, the attorney may not withdraw from employment
6  in a proceeding without the permission of such court.  Cal. R. Prof. Conduct 1.16(c).  Also,
7  counsel must take reasonable steps to avoid prejudicing the rights of the client, including
8  providing notice, allowing time for the client to employ other counsel, and complying with
9  applicable laws and rules.  Cal. R. Prof. Conduct 1.6(d).  Mandatory withdrawal is required where
10 the lawyer knows or reasonably should know that the client "is bringing an action, conducting a
11 defense, asserting a position in litigation, or taking an appeal, without probable cause and for the
12 purpose of harassing or maliciously injuring any person;" "the representation will result in
13 violation of these rules or of the State Bar Act;" "the lawyer's mental or physical condition
14 renders it unreasonably difficult to carry out the representation effectively; or the client
15 discharges the lawyer." Cal. R. Prof. Conduct 1.6(a).  Grounds for permissive withdrawal exist
16 when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the
17 representation effectively."  Cal. R. Prof. Conduct 1.6(b)(4).

18  Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an
19 attorney must file a formal motion and provide the client and all other parties with notice of the
20 motion to withdrawal.  Id.  The attorney must also submit an affidavit providing the current or last
21 known address of the client and describing the efforts made to notify the client of the motion to
22 withdraw.  Id.

23  The decision to grant or deny counsel's motion to withdraw is committed to the district
24 court's discretion.  United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).  "When ruling
25 on motions to withdraw, courts consider:  (1) the reasons why withdrawal is sought; (2) the
26 prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the
27 administration of justice; and (4) the degree to which withdrawal will delay the resolution of the
28 ////

case." Bernstein v. City of Los Angeles, 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020) (internal quotation marks and citations omitted).

Discussion

Plaintiff's counsel argues that there is good cause for both permissive and mandatory withdrawal based on counsel's belief that there lacks probable cause to assert plaintiff's original claims, and plaintiff's lack of communication with counsel, failure to cooperate with counsel's advice, and failure to provide documentary evidence of economic loss. (ECF No. 52-2 at 5.) Despite initially agreeing to a resolution of this matter, plaintiff did not sign the document and did not communicate his reconsideration to counsel, causing counsel to miss important filing deadlines.

Courts interpreting Rule 1.16 have held that "a client's failure to communicate with their attorneys constitutes good cause for the attorneys to seek withdrawal from representing the client." Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 2016 WL 7042098, at *2 (C.D. Cal. Mar. 22, 2016). It appears that as a result of the breakdown in communication between counsel and plaintiff, counsel has been unable to represent plaintiff.

Counsel has taken reasonable steps to mitigate any prejudice to plaintiff by seeking an extension of time for plaintiff to oppose defendant Sanga's motion for summary judgment.[1]

Finally, plaintiff's counsel provided plaintiff with proper notice of counsel's intent to withdraw his representation. After plaintiff initially failed to provide a signed document, counsel met with plaintiff and learned for the first time plaintiff had changed his mind. (ECF No. 52-1 at 3.) Counsel explained he would move to withdraw, and plaintiff agreed counsel could use plaintiff's handwritten note as an exhibit. (Id.) Plaintiff's counsel provided plaintiff with written notice of the motion to withdraw, and plaintiff did not oppose or otherwise respond to the motion. The motion to withdraw complies with Local Rule 182(d).

////

---

[1] Although counsel refers to "defendants' motion for summary judgment," counsel's filing specifically addresses defendant Sanga's motion for summary judgment and seeks an extension of time for plaintiff to respond pro se to Sanga's motion. (ECF No. 52-2 at 6.)

3

County defendants do not oppose the motion to withdraw but oppose any order granting plaintiff additional time to oppose their motion for summary judgment or reopening discovery. Defendant Sanga does not oppose the motion to withdraw, but also opposes any order reopening discovery.

The record does not reflect that allowing counsel to withdraw will harm the administration of justice, result in undue delay of this case, or significantly prejudice any party. Therefore, counsel's motion to withdraw as counsel for plaintiff is granted.

County Defendants' Motion

On September 25, 2023, defendants County of Sacramento, Lynn Billet, Phoebe Foo, and Andrew Ho filed a motion for summary judgment. Plaintiff did not file an opposition. On October 24, 2023, plaintiff was ordered to file an opposition and cautioned that failure to timely file an opposition within fourteen days would be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order, and that such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 48.)

In plaintiff's counsel's motion to withdraw, counsel stated there was good cause to extend plaintiff's deadline to respond to defendant Dr. Sanga's motion for summary judgment which was filed on November 27, 2023. But counsel made no similar argument as to the county defendants' motion which was filed on September 25, 2023. Therefore, the court does not construe counsel's filing as an opposition to the September 25, 2023 motion for summary judgment, or a request for additional time to oppose the county defendants' pending motion. Moreover, plaintiff personally did not object to his counsel's motion to withdraw as counsel and plaintiff did not object that counsel failed to address the county defendants' pending motion for summary judgment. The record reflects that on October 2, 2023, plaintiff's counsel met with plaintiff at the Yuba County Jail after the county defendants filed their motion and had a "full and lengthy discussion" with plaintiff at that time. (ECF No. 52-1 at 2.) Therefore, plaintiff shall show cause why the county defendants' motion should not be granted based on plaintiff's failure to timely oppose the motion
////

and failure to respond to the October 24, 2023 order granting him additional time to do so. Failure to show cause will result in the dismissal of the county defendants.

Defendant Sanga's Motion

Defendant Sanga filed a motion for summary judgment on November 27, 2023. Plaintiff's counsel timely sought an extension of time for plaintiff to oppose the motion, which is granted. Counsel also argued that plaintiff should be given time to use discovery to "attempt to explore the factual circumstances he deems necessary to successfully advocate for his claims." (ECF No. 52-2 at 7.)

However, as noted by all of the defendants, discovery is closed. Indeed, discovery was extended to September 15, 2023, after difficulties arose in scheduling plaintiff's deposition. Plaintiff's counsel did not provide any facts supporting an order reopening discovery, but correctly noted that plaintiff must provide such facts in an affidavit or declaration in support of such a request. Fed. R. Civ. P. 56(d).[2]

Thus, to the extent counsel also sought an extension of time for plaintiff to seek to reopen discovery, such request is denied. However, because plaintiff timely sought an extension of time to oppose defendant Sanga's motion for summary judgment, plaintiff may, if he can do so in good faith, file a motion under Rule 56(d). Plaintiff is cautioned that failure to file an opposition to the motion for summary judgment or Rule 56(d) motion will result in a recommendation that this action be dismissed. (See ECF No. 48.)

Accordingly, IT IS HEREBY ORDERED that

1. The motion to withdraw as counsel for plaintiff (ECF No. 52) is granted;

2. Kellan S. Patterson is relieved of his duties and obligations as plaintiff Hesse's attorney of record;

3. The Clerk of the Court is directed to remove Kellan S. Patterson as attorney for plaintiff in this record;

---

[2] "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

5

      4. Plaintiff Michael Hesse, P.O. Box 1031, Marysville, California 95901 shall proceed pro se;

      5. Within fourteen days from the date of this order, plaintiff shall show cause why the county defendants' motion for summary judgment (ECF No. 46) should not be granted;

      6. Plaintiff is granted thirty days from the date of this order to file an opposition to defendant Dr. Sanga's motion for summary judgment or, if appropriate, file a motion under Rule 56(d) of the Federal Rules of Civil Procedure.

Dated:  December 29, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hess1931.wd.osc