UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HESSE, | No. 2:21-cv-1931 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding in forma pauperis. At the time the pending motions for summary judgment were filed, plaintiff was represented by counsel. Since then, counsel was granted leave to withdraw. Because plaintiff was previously represented by counsel, plaintiff has not received notice of the requirements for opposing a motion for summary judgment. Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Therefore, plaintiff is provided such notice by this order, and grants plaintiff an extension of time to comply with the December 29, 2023 order.

Accordingly, IT IS HEREBY ORDERED that:

1. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l). Failure to timely oppose

////

such a motion may be deemed a waiver of opposition to the motion. See L.R. 230(l). Opposition to all other motions need be filed only as directed by the court.

2. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

////

      3. If defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached Rand Notice.  See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). Failure to do so may constitute grounds for denial of the motion.

      4. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

      5. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective.  See L.R. 182(f).  A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

      6. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  See Fed. R. Civ. P. 41(b).

      7. Plaintiff is granted fourteen days from the date of this order to respond to the December 29, 2023 order to show cause (ECF No. 59); and

      8. Plaintiff is granted thirty days from the date of this order to file an opposition to defendant Dr. Sanga's motion for summary judgment or, if appropriate, file a motion under Rule 56(d) of the Federal Rules of Civil Procedure.

Dated:  January 16, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hess1931.eot.p8

3

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. April 3, 2014).